ROBERT A. MASSI, ESQ.
Nevada Bar No. 2397
ROBERT G. MASSI, ESQ.
Nevada Bar No. 13719
**MASSI & MASSI, ATTORNEYS AT LAW**
105 PECOS, RD., Suite #100
Henderson, Nevada 89074
Telephone: (702) 870-1100
Facsimile:   (702) 870-0196
Email: olga@bobmassi.com
*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARK DION, an individual; LISA DION, an individual<br><br>Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation;<br><br>Defendant. | Case No.:<br><br>**AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET. SEQ.**<br><br><u>**JURY DEMAND**</u> |

Plaintiffs, Mark and Lisa Dion ("Plaintiffs"), by and through their attorney of record, Robert G. Massi, Esq. of MASSI & MASSI, ATTORNEYS AT LAW, and for their claims for relief against Defendant, Experian Information Solutions, Inc. ("Experian/Defendant"), complain and allege as follows:

<u>**JURISDICTION AND VENUE**</u>

1. This action arises out of Experian's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("FCRA").

2. This court has jurisdiction over this matter under 15 U.S.C. § 1681(p), 15 U.S.C. § 1692k, and 28 U.S.C. § 1331.

3. Under 28 U.S.C. § 1391(b), venue in this District is proper because Plaintiffs and

Defendant reside and/or do business in the District of Nevada.

4. Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

**PARTIES**

5. Plaintiffs are adult individuals residing in the State of Nevada.

6. Plaintiffs are natural persons obligated or allegedly obligated to pay a debt, and therefore, Plaintiffs are both "consumers" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiffs are both "consumers" as defined by 15 U.S.C. § 1681a(c).

8. Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

9. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681a(d).

10. Experian disburses consumer reports to third parties under contract for monetary compensation.

**FACTUAL ALLEGATIONS**

11. Plaintiffs reincorporate by reference all preceding paragraphs as if fully set forth below.

12. On July 16, 2012, Plaintiffs filed a Voluntary Petition for Chapter 7 Bankruptcy (Case No.: 12-18281-lbr) (the "Petition").

13. Plaintiffs included Bank of America account XXXXX3469 (the "Debt") in the Petition, which related to Plaintiffs first mortgage loan on their primary residence.

14. On October 16, 2012, Plaintiffs received an Order of Discharge from the Bankruptcy Court, which discharged Plaintiffs' personal liability for the Debt.

15. Sometime in 2016 Rushmore Loan Management Service ("RLMS") became the servicer of the loan which was the Debt that Plaintiffs successfully discharged in their bankruptcy.

16. In August 2016, Plaintiffs obtained copies both their individual Experian credit disclosures and became aware that Experian and RLMS were reporting inaccurate information concerning the Debt.

17. Experian and RLMS report a balance owed of $117,602 on Plaintiffs' credit reports when the Debt does not have a balance as it was included and discharged through Plaintiffs' bankruptcy.

18. Despite proper notice of the disputes, RLMS failed to conduct reasonable reinvestigations as required under the FCRA and confirmed and verified the false and derogatory information and demanded that the false and derogatory information remain on Plaintiffs' credit profiles. RLMS also increased the balance due and owing on MARK DION'S credit report from $117,602 to $123,828.

19. Plaintiffs post-dispute credit report also does not include a notation that the Debt was included in the Petition.

20. Defendant failed to fully correct the inaccuracies in Plaintiffs' credit report within thirty (30) days of receipt of Plaintiffs' disputes.

21. Upon Plaintiffs' each individually disputing the inaccurate information, Experian failed to evaluate or consider any of Plaintiffs' information, claims, or evidence and did not make any attempt to substantially or reasonably verify the disputed account information on Plaintiff's credit reports.

22. In the alternative, Experian failed to conduct a lawful investigation of the disputed account information on Plaintiffs' credit reports.

23. Experian's erroneous reporting continues to affect Plaintiffs' creditworthiness and credit score adversely.

24. The acts and omissions of the Defendant, and the other persons or entities employed as agents by Defendant, were committed within the time and space limits of their agency relationship with their principal.

25. The acts and omissions by Defendant and the other persons or entities referenced in this Complaint were incidental to, or of the same general nature as, the responsibilities that these agents were authorized to perform by Defendants.

26. By committing these acts and omissions against Plaintiffs, Defendant and these other persons or entities were motivated to benefit their principal.

27. Defendant are therefore liable to Plaintiffs through the doctrine of Respondeat Superior for the intentional and/or negligent acts, errors, and omissions performed in violation of state and federal law by its employees, including but not limited to violations of the FCRA.

## FIRST CLAIM FOR RELIEF

### [Violations of the FCRA, 15 U.S.C. § 1681e(b) against Experian]

28. Plaintiffs reincorporate by reference all preceding paragraphs as if fully set forth below.

29. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiffs.

30. As a direct and proximate result of this conduct, action, and inaction of Experian, Plaintiffs suffered, and continues to suffer, damage by loss of credit, and loss of the ability to purchase and benefit from credit.

31. As a direct and proximate result of this conduct, action, and inaction of Experian, Plaintiffs were forced to purchase and maintain credit monitoring services.

32. Experian's acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

33. In the alternative, Experian was negligent in the above-referenced acts and omissions, entitling Plaintiffs to recovery under 15 U.S.C. § 1681o.

34. As a direct and proximate result of the above-referenced violations by Experian, Plaintiffs are entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

35. Plaintiffs are entitled to recover costs and attorneys' fees from Experian in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

36. Plaintiffs may have suffered damages in other ways and to other extents not presently known to Plaintiffs, and not specified in this Complaint.

37. Plaintiffs reserve the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

## SECOND CLAIM FOR RELIEF

### [Violations of the FCRA, 15 U.S.C. § 1681i against Experian]

38. Plaintiffs reincorporate by reference all preceding paragraphs as if fully set forth below.

39. Experian violated 15 U.S.C. § 1681i by failing to delete or correct the aforementioned inaccurate information in Plaintiffs' credit files after receiving actual notice of these inaccuracies, by failing to conduct a lawful reinvestigation, by failing to forward all relevant information to RLMS, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiffs' credit files, and by relying upon verification from a source it has reason to know is unreliable.

40. As a direct and proximate result of this conduct by Experian, Plaintiffs suffered, and continues to suffer, damage by loss of credit, loss of ability to purchase and benefit from credit, and credit denials.

41. As a direct and proximate result of this conduct, action, and inaction of Experian, Plaintiffs were forced to purchase and maintain credit monitoring services.

42. Experian's conduct was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the court under 15 U.S.C. § 1681n.

43. Plaintiffs are entitled to recover costs and attorneys' fees from Experian in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

///

///

///

///

**WHEREFORE,** Plaintiffs pray for relief as follows:

1. For an award of actual damages;
2. For an award of statutory damages;
3. For punitive damages;
4. For an award reimbursing Plaintiffs for reasonable attorney's fees, costs, and interest incurred; and
5. For such other further relief as the court deems proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

DATED this  10   day of January, 2017.

**MASSI & MASSI, ATTORNEYS AT LAW**

_____
ROBERT A. MASSI, ESQ.
Nevada Bar No. 2397
ROBERT G. MASSI, ESQ.
Nevada Bar No. 13719
**MASSI & MASSI, ATTORNEYS AT LAW**
105 PECOS, RD., Suite #100
Henderson, Nevada 89074
Telephone: (702) 870-1100
Facsimile:  (702) 870-0196
Email: olga@bobmassi.com
*Attorneys for Plaintiffs*